MURPHY V. HOBBS.

1. It is not the practice of this court to discuss in opinions all the errors assigned.
2. The rule that facts admitted in the pleadings need not be proved on the trial, *held* not to apply to the matter relied upon in the case at bar.

ON petition for rehearing the following opinion was delivered:

*Per Curiam.* Two matters are presented upon this application. The first relates to certain testimony admitted over defendant's objection in the court below. Counsel seems to think that because nothing was said in the opinion as to the assignment upon this subject, it was not considered. In this he is mistaken; the question presented was carefully examined, but was not deemed of sufficient importance to warrant discussion. It was our judgment that there was no material error in receiving the testimony objected to.

It is not the practice in this court to notice in opinions all of the errors assigned. Counsel always allege as many errors as their ingenuity can suggest in connection with the record filed; they very rarely rely upon all of these assignments; and frequently they have little or no confidence in some of those upon which they present arguments.

We have no special fault to find with this practice; it is doubtless prompted by an "abundance of caution." But when an assignment is clearly without substance, or

when it relates to a matter which has been frequently adjudicated, or when for some other reason it does not appear important that it should be discussed, we often decline to lengthen opinions by a discussion thereof. While this is true, it is also true, however, that all assignments of error which are relied upon in argument receive careful consideration, whether mentioned in the opinion or not.

The second objection to the decision in the case refers to an admission in the pleadings.

Counsel is correct in his position that "the facts admitted by the pleadings" need not be proved upon trial. There is in this case an admission that at the *time of the conversion* defendant was the owner of the promissory note mentioned. But the conversion referred to, took place over ten months before this suit was brought; the note was a negotiable instrument, and at that time was not due. Thus it appears that the fact admitted, and which need not be proved, is, that nearly a year before suit brought, defendant was the owner of a negotiable promissory note against plaintiff, which was not then due. Can it be said that this admission relieved defendant from pleading, or at least from proving at the trial, that he was still the owner thereof.

It perhaps should be remarked that this note was not connected with the gravamen of the action; it was a matter upon which, if properly pleaded, defendant, provided he was still the owner, might rely in reduction of plaintiff's damages.

*Rehearing denied.*