Dolan et al., Plaintiffs in Error, v. Paradice, Defendant in Error.

1. CONTRACTS.

In the case of an uniform course of dealing between the parties, definite rules of trade settled by the vendor of which the purchaser has knowledge, binding him to pay at a definite date, become obligatory and are to be taken as part and parcel of the transaction.

2. IMMATERIAL ERROR.

Although some evidence may have been admitted which a strict enforcement of the rules would have excluded, the judgment will not be set aside when it cannot be seen that the error was prejudicial.

3. PRACTICE IN COURT OF APPEALS.

It is not the practice of this court to discuss in its opinion all of the various matters which may have been urged upon their attention in the oral and printed arguments.   Whenever a case is affirmed, unless it involves some controverted question of law, a general suggestion of the position which the court takes with respect to the matter is all that is consistent with a successful dispatch of business.

4. SALES—CASH—CREDIT.

Generally, in the absence of a specific agreement concerning the terms of sale, goods sold are to be paid for in cash on delivery.   To avoid a liability which springs from a sale and gives an immediate cause of action, the defendant is bound to establish an agreement for credit.

5. EVIDENCE.

Proof of a dealer's custom to collect his bills at the commencement of the ensuing month does not affect an issue as to whether a specific agreement for a definite credit had been entered into between him and a customer.

*Error to the District Court of Arapahoe County.*

Mr. JOHN P. BROCKWAY, for plaintiffs in error.

Mr. J. B. WILLSEA, for defendant in error.

BISSELL, P. J., delivered the opinion of the court.

The dealings between Paradice and Dolan Bros. & Smith in 1890 resulted in an account amounting to about sixteen hundred dollars, which the firm owed when this action was commenced.   Paradice was a wholesale dealer in plumbers' supplies, and the copartnership carried on their business in the city of Denver.   A bill was presented to the firm early in January, 1891, for nearly two thousand dollars, and they paid some three hundred dollars on it—reducing the indebtedness to the amount claimed.   Paradice sued out a writ of attachment, and filed the statutory affidavit in which the grounds stated were two—fraud in the contraction of the debt, and that the goods should have been paid for on the 1st of January.   When the case came to trial, and on the conclusion of the plaintiff's testimony, the court held the allegation of fraud unproved, and submitted the other matter to the jury.   There was a very large amount of testimony introduced as to the date the debt matured, for it was conceded on both sides if the goods were sold on time a right of action had not accrued to the plaintiff; but that if they were sold on terms that called for payment on the first of the ensuing month, the plaintiff rightfully brought his suit, and his ancillary writ could be maintained.   In support of his contention, the plaintiff offered proof which tended to show that the goods sold during one month were payable about the first of the ensuing month, and that this had been the course of dealing between the parties.   To overcome this proof, one of the Dolans and Smith, who were members of the firm, testified there was a specific agreement by which it was provided that all goods should be taken as sold on sixty days' credit. What they attempted to prove was a definite agreement for a specific credit.   The case was tried to a jury, and the plain-

tiff had a verdict on which judgment was rendered, and from which the firm appealed.

The appellant contends that there was no proof of an arrangement between the two houses with respect to the dealings which either specifically made the bills payable in the ensuing month, or from which any such arrangement could be deduced. Of course, counsel concede, as they must, that if there was a uniform course of dealing between the parties, and there were definite rules of trade settled by the vendor which would bind the purchaser to pay at a definite date, and those rules and arrangements were brought home to the knowledge of the vendee, they would become obligatory and be taken as part and parcel of the transaction. But it is insisted that there is no evidence which warrants this conclusion. It must be admitted that the proof in this respect is not so clear nor so satisfactory as to leave the matter free from doubt; but we discover nothing in the record which would justify us in setting aside the verdict of the jury. In contravention of this proof, which lacks the robust and substantial force apparent in some cases, the defendants testified directly to a distinct, positive agreement between them and the vendor for a sixty-day credit. They were wholly unable, however, to satisfy the jury as to the truth of their contention. We cannot say in the face of a verdict rendered against such testimony, that our impressions derived from the reading of the record should take the place of a positive conclusion arrived at by a body which was confronted with the witnesses. Counsel likewise insists with great vigor that the court erred in permitting proof to be introduced concerning the custom which prevailed in the business as carried on by the plaintiff, and that much of the testimony given by his clerks infringed upon the rule concerning the introduction of hearsay testimony. A careful examination of the record fails to convince us that the court committed serious error in this particular. It is possible that some little evidence crept in which a strict enforcement of the rule would have excluded; but we cannot see that the defendants were so seriously prejudiced

thereby as to entitle them to set aside the judgment.   There was evidence given which adequately supports the verdict, and the judgment should not be disturbed.

It will accordingly be affirmed.

*Affirmed.*

ON PETITION FOR REHEARING.

BISSELL, P. J., delivered the opinion of the court.

The petition for rehearing in this case will be denied.   It is seldom necessary or expedient on such applications to express the reasons which lead the court to adhere to its former determination.   In this particular case, the opinion seems to be assailed on a basis somewhat similar to that on which the attack was laid in the case of *Murphy v. Hobbs*, 8 Colo. 130. The matter is of such frequent recurrence that the court feels quite justified in suggesting the usual course which it pursues in the disposition of causes.   We are quite well aware that it is often a ground of complaint with counsel that the courts fail to consider and determine various matters which have been urged upon their attention in the oral and printed arguments.   This probably comes from a failure to appreciate the immense addition to the ordinary labors of the court which this course would entail.   Wherever a case is affirmed, unless it involves some controverted question of law, a general suggestion of the position which the court takes with respect to the matter is all that is consistent with a successful and rapid discharge of business.   It would be manifestly impossible to dispose of all the theories of attorneys in such a way that at the end of the opinion the judge could honestly write, *quod erat demonstrandum*.   It is conceded in the present case some evidence was admitted concerning the custom of the dealer Paradice which ought to have been excluded.   The admission of this evidence, which in a very remote sense may be said to bear upon one of the substantive facts of the case, to wit, the terms of the sale,

does not compel us to reverse the judgment, which rests on the verdict of a jury rendered upon conflicting testimony. The right to begin the suit was undoubtedly dependent on the maturity of the debt. As a general proposition, goods which are sold are to be paid for in cash on delivery, in the absence of a specific agreement concerning the terms of sale. This is always implied if nothing is said. All that Paradice needed to do in order to recover in this case and show his right to bring suit was to prove the delivery of the goods. To avoid the liability which sprung from the sale, and gave an immediate right of action, the defendants were bound to establish an agreement for credit. This might have been done in either one or two ways, to wit: by proof of a general course of dealing, or by evidence of an exact contract providing for the delayed payment. In the present case, the defendants chose the latter alternative, alleged an agreement for a ninety-day credit and went to the jury on that proposition. This agreement was totally denied by Paradice, and undoubtedly he sought to emphasize his denial by proving what his usual course of trading was. The denial, coupled with the legal presumption following the sale, entitled the jury, if they did not believe the defendants' story, to find that there was no sale on credit. It is difficult to see how this issue was materially aided or affected by proof that the dealer's general custom was to collect his bills at the commencement of the ensuing month. Even though that were true, it in no manner tended to disprove the defendants' contention of a specific agreement for a definite credit. We conclude that the introduction of that testimony, even if the ruling be concededly erroneous, does not entitle us under these circumstances to reverse the case.

The former opinion will be adhered to, and the judgment will stand affirmed.

*Rehearing denied.*