ON PETITION EOR REHEARING.
Bissell, P. J.,
delivered the opinion of the court.
The petition for rehearing in this case will be denied. It is seldom necessary or expedient on such applications to express the reasons which lead the court to adhere to its former determination. In this particular case, the opinion seems to be assailed on a basis somewhat similar to that on which the attack was laid in the case of Murphy v. Hobbs, 8 Colo. 130. The matter is of such frequent recurrence that the court feels quite justified in suggesting the usual course which it pursues in the disposition of causes. We are quite well aware that it is often a ground of complaint with counsel that the courts fail to consider and determine various matters which have been urged upon their attention in the oral and printed arguments. This probably comes from a failure to appreciate the immense addition to the ordinary labors of the court which this course would entail. Wherever a case is affirmed, unless it involves some controverted question of law, a general suggestion of the position which the court takes with respect to the matter is all that is consistent with a successful and rapid discharge of business. It would be manifestly impossible to dispose of all the theories of attorneys in such a way that at the end of the opinion the judge could honestly write, quod erat demonstrandum. It is conceded in the present case some evidence was admitted concerning the custom of the dealer Paradiee which ought to have been excluded. The admission of this evidence, which in a very remote sense may be said to bear upon one of the substantive facts of the case, to wit, the terms of the sale, *318 does not compel us to reverse the judgment, which rests on the verdict of a jury rendered upon conflicting testimony. The right to begin the suit was undoubtedly dependent on the maturity of the debt. As a general proposition, goods which are sold are to be paid for in cash on delivery, in the absence of a specific agreement concerning the terms of sale. This is always implied if nothing is said. All that Paradice needed to do in order to' recover in this case and show his right to bring suit was to prove the delivery of the goods. To avoid the liability which sprung from the sale, and gave an immediate right of action, the defendants were bound to establish an agreement for credit. This might have been done in either one or two ways, to wit: by proof of a general course of dealing, or by evidence of an exact contract providing for the delayed payment. In the present case, the defendants chose the latter alternative, alleged an agreement for a ninety-day credit and went to the jury on that proposition. This agreement was totally denied by Paradice, and undoubtedly he sought to emphasize his denial by proving what his usual course of trading was. The denial, coupled with the legal presumption following the sale, entitled the jury, if they did not believe the defendants’ story, to find that there was no sale on credit. It is difficult to see how this issue was materially aided or affected by proof that the dealer’s general custom was to collect his bills at the commencement of the ensuing month. Even though that were true, it in no manner tended to disprove the defendants’ contention of a specific agreement for a definite credit. We conclude that th^ introduction of that testimony, even if the ruling be concededly erroneous, does not entitle us under these circumstances to reverse the case.
The former opinion will be adhered to, and the judgment will stand affirmed.

Rehearing denied.